IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

TYRONE ELLIS,
ADC #149250                                                                                                PLAINTIFF

v.                                             5:15CV00390-BRW-JTK

ARIC SIMMONS                                                                                           DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District

1

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

**DISPOSITION**

Plaintiff Ellis is a state inmate incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction (ADC). He filed this pro se action pursuant to 42 U.S.C. § 1983, alleging inadequate medical treatment by Defendant (Doc. No. 2). The Court granted his Motion to Proceed in forma pauperis by Order dated January 4, 2016 (Doc. No. 4)

Pending before the Court is the Defendant's Motion to Vacate the Order granting Plaintiff's in forma pauperis status (Doc. No. 20), to which Plaintiff responded (Doc. No. 26).

**I.   Motion to Vacate/Revoke**

Defendant asks the Court to vacate the January 4, 2016 Order and revoke Plaintiff's in forma pauperis status (thereby requiring him to pay the $400 filing fee for this action),based on his status as a three striker within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g). In support, he states that Plaintiff filed three prior lawsuits which were dismissed for failure to state a claim, which constitute strikes within the meaning of the statute. Those cases are: Ellis v. Chandler, 1:11CV01006 (W.D.AR); Ellis v. Chandler, 1:10CV01080 (W.D. AR); and Ellis

v. Hobbs, 2:14CV00065 (E.D.AR). Although the dismissal of the third case occurred pursuant to a motion for summary judgment, Defendant notes the Court denied the motion and dismissed the case for failure to state a claim upon which relief may be granted.[1] Finally, Defendant states that Plaintiff does not meet the imminent danger exception to the three strikes rule, because he complains about a twenty-eight day delay in medical care which ended on August 17, 2015, and Plaintiff filed his action several months later, on December 17, 2015.

Plaintiff objects in response, stating that his allegations support a finding that he suffered imminent danger of serious injury so as to constitute an exception to the three strikes rule.

Having reviewed the parties' filings, the Court finds that Defendant's Motion should be granted with respect to their request to revoke Plaintiff's in forma pauperis status. In addition to the three cases cited by Defendant in support of his Motion, the Court notes a fourth case in which a complaint filed by Plaintiff was dismissed, prior to service, for failure to state a claim. Ellis v. McDaniel, 5:15CV00236 (E.D.AR October 8, 2015). In addition, the Court finds that at the time Plaintiff filed this action in December, 2015, his allegations of inadequate medical care from July 20, 2015, to August 17, 2015, did not constitute an imminent danger of serious harm.

In addition to requiring Plaintiff to pay the $400 filing fee for this action, Defendant also asks the Court to impose on Plaintiff the costs associated with service of process. The Court will deny this request at this time.

**II.    Conclusion**

---

[1] Defendants rely on Blakely v. Wards, where the court held that "a summary judgment dismissal stating on its face that the dismissed action was frivolous, malicious, or failed to state a claim counts as a strike for purposes of the PLRA's three strike provision." 738 F.3d 607, 613 (4th Cir. 2013).

IT IS, THEREFORE, RECOMMENDED that:

1. Defendant's Motion to Vacate the Order granting Plaintiff's in forma pauperis status (Doc. 20) be GRANTED.

2. This Court's January 4, 2016 Order (Doc. No. 4) granting Plaintiff's Motion to Proceed In Forma Pauperis be REVOKED.

3. Plaintiff's Complaint be DISMISSED without prejudice.

4. Should plaintiff wish to continue this case, he shall submit the statutory filing fee of $400 to the Clerk, noting the above case style and number within ten (10) days of the date of this Order, along with a motion to reopen the case. Upon receipt of the motion and full payment, the case will be reopened.

5. Any monies deducted from Plaintiff's inmate account pursuant to the January 4, 2016 Order, be refunded to Plaintiff's account.

IT IS SO RECOMMENDED this 4th day of March, 2016.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE