IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

TYRONE ELLIS,                                                                           PLAINTIFF
ADC #149250

v.                                         5:15CV00390-BRW-JTK

ARIC SIMMONS                                                                           DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District

1

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I. Introduction

Plaintiff Tyrone Ellis is a state inmate incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction (ADC). He filed this pro se civil rights action pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs by Defendant Simmons, for delaying treatment for a pea-sized hemorrhoid. Plaintiff asks for damages and a transfer to another Unit.

### II. Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other

citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

Defendant Simmons asks the Court to dismiss Plaintiff's Complaint against him for failure to prove that he acted with deliberate indifference to Plaintiff's serious medical needs. In support of the Motion, Defendant states in his affidavit that he is an Advanced Practice Registered Nurse (APN) at various Units of the ADC, and that he treated Plaintiff for a pea-sized external hemorrhoid on August 17, 2015. (Doc. No. 79-3) He prescribed Plaintiff docusate sodium, milk of magnesia, and Preparation H ointment on that date. (Id.) Simmons states that each day when he arrives at the clinic, a list of patients has been created for his treatment on that particular day, and August 17, 2015 was the first date he was aware that Plaintiff had any medical need. (Id.) According to a review of Plaintiff's medical records, Plaintiff was examined by a Licensed Practical Nurse (LPN) on July 20, 2015, for complaints of "a bump swelling within [his] asshole," and indicated that she would refer Plaintiff to a provider. (Id.)

Defendant also presents the affidavit of Dr. Jeffrey Stieve, Regional Medical Director for Correct Care Solutions, LLC. (Doc. No. 79-4) After reviewing Plaintiff's medical records, Dr. Stieve concluded that Defendant Simmons appropriately treated Plaintiff for a pea-sized hemorrhoid (Id., pp. 1-2). And, Defendant also presents copies of Plaintiff's medical records which confirm that Plaintiff was examined by LPN Rose on July 20, 2015, for a bump in the rectum, and Rose referred

Plaintiff to the provider. (Doc. No. 79-1, p. 1) During medical staff rounds where Plaintiff was housed in segregation on July 24, 2015, through August 14, 2015, Plaintiff voiced no health service complaints. (Id., pp. 1-4) As noted earlier, Defendant Simmons examined and treated Plaintiff on August 17, 2015, for a pea-sized hemorrhoid and prescribed medication. (Id., p. 5) After that time, Plaintiff voiced no more complaints about the condition, and requested a discontinuance of the Docusate Sodium on November 11, 2015. (Id., pp. 5-19)

In his deposition testimony, Plaintiff confirmed that his complaint is limited to the delay between July 20, 2015, until August 17, 2015, for treatment of his hemorrhoid. (Doc. No. 79-2, pp. 7-8) Plaintiff believes Defendant Simmons knew of the referral on July 20, 2015, because of a grievance response he received on September 18, 2015. (Id., p. 23; Doc. No. 2, p. 8) However, other than the grievance responses, Defendant states that in his deposition, Plaintiff offered no other specific evidence to show that Defendant Simmons had actual knowledge of the referral prior to his examination of Plaintiff on August 17, 2015. (Doc. No. 79-2, pp. 20-30). Based on this evidence, Defendant states that Plaintiff fails to support an Eighth Amendment deliberate indifference claim, citing Farmer v. Brennan, 511 U.S. 825, 837 (1994), and Dulany v. Carnahan, 132 F.3d at 1240-41.

In Response, Plaintiff objects to Defendant's Motion, stating the Court liberally construed his Complaint to state a constitutional claim for relief, and that Defendant's deliberate delay caused him to suffer from a painful hemorrhoid. In addition, Plaintiff objects to the affidavits presented by Defendant and states that prison officials acknowledged in the grievance response that Defendant Simmons delayed his treatment.

In order to support a claim for an Eighth Amendment violation, Plaintiff must prove that Defendant was deliberately indifferent to a serious medical need. Farmer v. Brennan, 511 U.S. at

834. However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). See also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment).

In addition, Plaintiff must submit evidence that the "course of treatment, or lack thereof, so deviated from professional standards that it amounted to deliberate indifference in violation of [the][E]ighth [A]mendment right to be free from cruel and unusual punishment." Dulaney, 132 F.3d at 1243. Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." Id. at 1240.

In this particular case, Plaintiff admitted in his deposition testimony that his complaint was limited to the delay between the time he saw the nurse on July 27, 2015, until his examination and treatment by Defendant Simmons on August 17, 2015. However, he provides absolutely no documentary or other type of evidence to show that Simmons had knowledge of the referral on July 27, 2015, and deliberately chose not to treat Plaintiff until August 17, 2015. Although Plaintiff relies on the grievance responses as evidence, the response merely states that the grievance was found with merit "due to the length of time it took for you to be seen by the provider." (Doc. No. 2, p. 8) The response does not, however, attribute any delay to Simmons or conclude that Simmons

knew of the referral yet chose to ignore it until August 17, 2015. Furthermore, Plaintiff provides no "verifying medical evidence" in the record to establish the detrimental effect of the delay in his treatment in order to succeed on his claim. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995). In fact, according to Plaintiff's medical records, he did not voice any medical complaints between July 27, 2015, and August 17, 2015. (Doc. No. 79-1) Even if the Court were to accept Plaintiff's version of facts – that Defendant Simmons was aware of the referral on July 27, 2015 – Plaintiff provides no evidence that Simmons' delay in treatment was a result of malicious and sadistic intent or deliberate indifference to a serious medical condition, which are necessary elements of an Eighth Amendment claim. Moody v. Proctor, 986 F.2d 239, 241-42 (8th Cir. 1993), and Choate v. Lockhart, 7 F.3d 1370, 1374 (8th Cir. 1993).

**III. Conclusion**

IT IS, THEREFORE, RECOMMENDED that Defendant Simmons' Motion for Summary Judgment (Doc. No. 78) be GRANTED, and Plaintiff's claims against him be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 24th day of January, 2017.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE